STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
BENEDETTO L. BALDING (Cal. Bar No. 244508)
Assistant United States Attorney
Deputy Chief, International Narcotics,
 Money Laundering, and Racketeering Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2274
     Facsimile: (213) 894-0142
     E-mail:    benedetto.balding@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>JORGE HUGO ZAVALA-LOPEZ et al.,<br><br>            Defendants. | No. 2:20-cr-405-FMO-7<br>No. 2:20-cr-405-FMO-9<br><br><u>STIPULATION REGARDING REQUEST FOR</u><br><u>(1) CONTINUANCE OF TRIAL DATE AND</u><br><u>(2) FINDINGS OF EXCLUDABLE TIME</u><br><u>PERIODS PURSUANT TO SPEEDY TRIAL</u><br><u>ACT</u><br><br>**CURRENT TRIAL DATE:**   10/18/22<br>**PROPOSED TRIAL DATE:**   4/18/23 |
|---|---|

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Benedetto L. Balding, and defendants Erick Giovanny Garcia ("E. Garcia") and Juan Arreola, ("defendants"), both individually and by and through their respective counsel of record, Benjamin P. Lechman and Robert Nadler, hereby stipulate as follows:

    1.   The Indictment in this case was filed on September 8, 2020. Defendants first appeared before a judicial officer of the court in

1  which the charges in this case were pending on February 25, 2021.
2  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the
3  trial commence on or before May 6, 2021.  Defendants Diana Quiroz
4  Garcia ("D. Garcia"), Marco Antonio Mendez-Guzman, and Ramon Antonio
5  Lopez-Llamas have appeared in this action and have entered guilty
6  pleas.  Defendant Jorge Hugo Zavala-Lopez appeared in this action and
7  his trial date is currently set for October 18, 2022; on or about
8  March 29, 2022, defendant Zavala-Lopez absconded from pretrial
9  release and his current whereabouts are unknown to the government.
10 None of the other named defendants has appeared in this action.
11      2.   On February 25, 2021, the Court set a trial date of April
12 20, 2021 for defendants E. Garcia and Arreola.  The Court has
13 previously granted multiple continuances resulting in continuing the
14 trial date for defendants in this case April 20, 2021 to October 18,
15 2022, found the interim periods to be excluded in computing the time
16 within which the trial must commence, pursuant to the Speedy Trial
17 Act, and set various new pretrial deadlines.
18      3.   Defendants are released on bond pending trial.  The parties
19 estimate that the trial in this matter will last approximately twelve
20 days.  All defendants are joined for trial and a severance has not
21 been granted.
22      4.   By this stipulation, defendants move to continue the trial
23 date to April 18, 2023 (and the various pretrial deadlines as set
24 forth below).  This is the fourth request for a continuance.
25      5.   Defendants request the continuance based upon the following
26 facts, which the parties believe demonstrate good cause to support
27 the appropriate findings under the Speedy Trial Act:
28

      a.    Defendants are charged with violations of 18 U.S.C. § 1956(h): Conspiracy to Commit Money Laundering; and 18 U.S.C. § 1956(a)(1)(B)(i): Laundering of Monetary Instruments.  The government has produced discovery in this case, which is voluminous and includes substantial reports, call summaries, transcripts, bank records, and other materials.

      b.    Due to the nature of the prosecution, the number of defendants, including the charges in the indictment and the voluminous discovery produced to defendants, this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.

      c.    Defense counsel are scheduled to be engaged in other trials, as set forth in Appendix A.  Accordingly, those counsel represent that they will not have the time that they believe is necessary to prepare to try this case on the current trial date.

      d.    In light of the foregoing, counsel for defendants also represent that additional time is necessary to confer with defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    e. Defendants believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

    f. The government does not object to the continuance.

    g. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

  6. Based on all of the foregoing, for purposes of computing the date under the Speedy Trial Act by which defendants' trial must commence, the parties agree that the time period of October 18, 2022 to April 18, 2023, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendants' request, without government objection, on the basis of the Court's findings that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution and the number of defendants, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendants continuity of counsel and would deny defense counsel the reasonable

time necessary for effective preparation, taking into account the exercise of due diligence.

    7. In addition, the parties agree that the dates set forth in the Court's prior order continuing trial should be vacated, and the following deadlines apply instead:

| Case Deadline | New Date |
| --- | --- |
| Initial Disclosure | February 24, 2023 |
| Supplemental Disclosure | February 24, 2023 |
| Discovery Cutoff Date | March 3, 2023 |
| All Pretrial Motions; Joint Proposed Jury Instructions; Disputed Jury Instructions; Proposed Verdict Form(s) | March 10, 2023 |
| Pretrial Exhibit Stipulation | March 10, 2023 |
| Response Briefs in Opposition to Pretrial Motions; Joint Statement of the Case; Proposed Voir Dire Questions | March 23, 2023 |
| Trial Memorandum | March 23, 2023 |
| Reply Briefs in Support of Pretrial Motions | March 28, 2023 |
| Government Rule 5(f) Declaration | March 29, 2023 |
| Pretrial Conference | March 31, 2023 |
| Trial | April 18, 2023; 8:30 a.m. to discuss preliminary matters with the Court |

    8. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy

5

Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

    IT IS SO STIPULATED.

Dated: August 29, 2022        Respectfully submitted,

STEPHANIE S. CHRISTENSEN
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

      /s/
BENEDETTO L. BALDING
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

1   I am ERICK GIOVANNY GARCIA's attorney.  I have carefully
2   discussed every part of this stipulation and the continuance of the
3   trial date with my client. I have fully informed my client of his
4   Speedy Trial rights.  To my knowledge, my client understands those
5   rights and agrees to waive them.  I believe that my client's decision
6   to give up the right to be brought to trial earlier than April 18,
7   2023 is informed and voluntary.

*Benjamin P. Lechman*                                    09/07/2022
BENJAMIN P. LECHMAN, ESQ.                                Date
Attorney for Defendant
ERICK GIOVANNY GARCIA

12   I have read this agreement and I have carefully discussed every
13  part of it with my attorney. I understand my Speedy Trial rights.  I
14  voluntarily agree to the continuance of the trial date, and give up
15  my right to be brought to trial earlier than April 18, 2023. I
16  understand that I will be ordered to appear in Courtroom 6D of the
17  Federal Courthouse, 350 W. 1st Street, Los Angeles, California on
18  April 18, 2023 at 8:30 a.m.

[signature]                                              **09/07/2022**
ERICK GIOVANNY GARCIA                                    Date
Defendant

I am JUAN CARLOS ARREOLA's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than April 18, 2023 is informed and voluntary.

_____          8/31/22
ROBERT NADLER, ESQ.                Date
Attorney for Defendant
JUAN CARLOS ARREOLA

I have read this agreement and I have carefully discussed every part of it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than April 18, 2023. I understand that I will be ordered to appear in Courtroom 6D of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on April 18, 2023 at 8:30 a.m.

_____          08/31/2022
JUAN CARLOS ARREOLA                Date
Defendant

8

**APPENDIX A: DEFENSE COUNSEL OBLIGATIONS**

Mr. Nadler, counsel for defendant Arreola, represents that he will be in trial through much of September and October 2022.

Mr. Lechman, counsel for defendant Erick Garcia, represents that he currently has the following scheduled trials:

- U.S. v. Scale, Lloyd (cacd) - 22-CR-300-SVW  05/16/23 trial;
- U.S. v. Amparo Melo-Peguero, 17-cr-00432-DSF March 28, 2023 trial 03/20/23 status;
- U.S. v. Haykush Gregorian, 21CR0166-AB Jury Trial is continued to 4/18/2023 08:30 AM before Judge Andre Birotte Jr. Pretrial Status Conference set for 4/7/2023 01:30 PM;
- U.S. v. Fedilce Bernabe Medina-Leyva, 19-cr-00328-GW 02/14/23 trial;
- U.S. v. Andrei Cirilescu 22-cr-00240-FMO 11/29/22 trial;
- U.S. v. Esmeralda Reyes, 21-cr-00390-DMG, Trial set for 11/1/2022 08:30 AM before Judge Dolly M. Gee. Pretrial Conference set for 10/19/2022 02:30 PM.