E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture and Recovery Section
ROBERT I. LESTER (Cal. Bar No. 116429)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2464
    Facsimile:  (213) 894-7819
    E-mail: robert.lester@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JORGE HUGO ZAVALA LOPEZ,<br><br>    Defendant. | No. CR 20-0405-FMO-1<br><br>**PLAINTIFF UNITED STATES' NOTICE OF MOTION AND MOTION FOR ORDER FORFEITING BAIL, AND FOR SUMMARY ADJUDICATION OF OBLIGATION WITH RESPECT TO DEFENDANT JORGE HUGO ZAVALA LOPEZ;**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES;**<br><br>[PROPOSED] **ORDER; and**<br><br>[PROPOSED] **JUDGMENT.**<br><br>DATE:  October 19, 2023<br>TIME:   2:00 p.m.<br>CTRM:  Hon. Fernando M. Olguin<br>        United States Courthouse<br>        350 West 1st St., Courtroom 6D<br>        Los Angeles, CA 90012 |

1  **PLAINTIFF UNITED STATES' NOTICE OF MOTION AND MOTION FOR**
2  **ORDER FORFEITING BAIL, AND FOR SUMMARY ADJUDICATION OF**
3  **OBLIGATION WITH RESPECT TO DEFENDANT JORGE HUGO ZAVALA**
4  **LOPEZ**

5  TO DEFENDANT JORGE HUGO ZAVALA LOPEZ:

6      PLEASE TAKE NOTICE that, on October 19, 2023, at 2:00 p.m., as soon
7  thereafter as it may be heard, in the Courtroom of the Honorable Fernando M. Olguin,
8  located at 350 West 1st Street, Courtroom 6D, Los Angeles, CA 90012, plaintiff United
9  States will move this Court for an order forfeiting bail, and for summary adjudication of
10 obligation with respect to defendant Jorge Hugo Zavala Lopez.  Fed. R. Crim. P. 46(f)
11 and Local Crim. Rule 46-6.

12     The United States brings the motion on the ground that Defendant absconded from
13 pretrial supervision on March 29, 2022.  His whereabouts remain unknown.

14      This motion is made upon this Notice, the attached Memorandum of Points and
15 Authorities, and all pleadings, records, and other documents on file with the Court in this
16 action, and upon such oral argument as may be presented at the hearing of this motion.

17 DATED:  September 12, 2023.          Respectfully submitted,

18                                     E. MARTIN ESTRADA
                                       United States Attorney
19
20                                     MACK E. JENKINS
                                       Assistant United States Attorney
21                                     Chief, Criminal Division

22                                        _/s/ Robert I. Lester_____
                                       ROBERT I. LESTER
23                                     Assistant United States Attorney

24                                     Attorneys for Plaintiff
25                                     UNITED STATES OF AMERICA

26

27

28

                                       1

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This is a bail bond forfeiture motion.  On January 26, 2021, On January 26, 2021, the Court ordered that defendant Jorge Hugo Zavala Lopez ("Defendant") be released from custody pending trial upon the posting of a $1,000,000.00 cash bond, which Defendant apparently posted.  However, on March 29, 2022, Defendant absconded from pretrial supervision.  His whereabouts remain unknown.

Defendant's action violated conditions of his pretrial release.  Accordingly, the United States moves for an order forfeiting the bail for Defendant and requests the entry of a default judgment against him, pursuant to Fed. R. Crim. P. 46(f)(1) and (3) and Local Crim. Rule 46-6.

## II.    STATEMENT OF FACTS

### A.    Initial Proceedings in This Case

On September 8, 2020, Defendant was indicted on charges of Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h) and Laundering of Monetary Instruments and Aiding and Abetting in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), 2(a).  (Dkt. 12.)

On January 26, 2021, the Court ordered that Defendant be released from custody pending trial upon the posting of a $1,000,000.00 cash bond (Dkts. 62, 70), which Defendant apparently posted.  (*See* Dkt. 58.)

### B.    Defendant's Bond Violation

On March 29, 2022, Defendant absconded from pretrial supervision.  (*See* Dkts. 216, at 2 and 217, at 3.)  His whereabouts remain unknown.

1
2
3

### III. THE COURT SHOULD ISSUE AN ORDER FORFEITING BAIL AND A JUDGMENT ON THE BAIL FORFEITURE OBLIGATION AGAINST DEFENDANT

4
5

#### A. Bond Forfeiture is Mandatory if a Condition of the Bond has Been Breached

6  "The law on bail forfeiture is neither complex nor voluminous." *United States v.*
7  *Nguyen*, 279 F.3d 1112, 1115 (9th Cir. 2002).  The Court "must declare the bail forfeited
8  if a condition of the bond is breached."  Fed. R. Crim. P. 46(f)(1).  In such a case,
9  forfeiture is mandatory.  *Nguyen*, 279 F.3d at 1115 (citing *United States v. Abernathy*,
10  757 F.2d 1012, 1015 (9th Cir. 1985)).

11  "A bail bond is a contract between the government and the defendant and his
12  surety, the forfeiture of which results in the surety becoming the government's debtor."
13  *United States v. Plechner*, 577 F.2d 596, 598 (9th Cir. 1978).  The Court may hold the
14  defendant personally liable for the bond amount, jointly and severally with the surety.
15  *United States v. Vaccaro*, 51 F.3d 189, 193 (9th Cir. 1995).  "The language of the bond
16  contract is strictly construed in accordance with the terms contained therein."  *United*
17  *States v. Lujan*, 589 F.2d 436, 438 (9th Cir. 1978) (citation omitted).

18

#### B. Bail Bond Forfeiture Procedure

19  Upon default by a defendant, "the Court, upon ten (10) days notice, may render a
20  judgment summarily in accordance with the obligation undertaken and issue a writ of
21  execution upon such judgment."  Local Criminal Rule 46-6.[1]

22
23

---

24  [1]  That local rule also provides the procedure for obtaining such a judgment:
25  "An indemnitee or party in interest seeking a judgment on a bond or undertaking shall
    proceed by Motion for Summary Adjudication of Obligation and Execution."  *Id.*
26  However, by referring in that local rule to a "motion for summary adjudication," the
    Court did not intend to make the Fed. R. Civ. P. 56 requirements of a separate statement
27  of uncontroverted facts and conclusions of law apply.  *Hyatt Franchising, LLC v. Shen*
    *Zhen New World I, LLC*, CV 17-5078-VAP(AS), 2018 WL 6431871, at *3 (C.D. Cal.
28  Feb. 2, 2018).

**C.      The Court Should Order That Bail be Forfeited and a**
**Judgment on the Bail Forfeiture Obligation be Entered**
**Against Defendant**

As set forth above, Defendant violated a condition of his bond by absconding from pretrial supervision on March 29, 2022.  His whereabouts remain unknown.  Accordingly, the Court should issue an order forfeiting the bail that was posted, pursuant to Fed. R. Crim. P. 46(f)(1).  Additionally, this Court should issue a judgment on the bail forfeiture obligation against Defendant, pursuant to Local Criminal Rule 46-6.[2]

## IV.    CONCLUSION

For the foregoing reasons, the United States requests that this Court issue an order forfeiting bail and enter a judgment on the bond forfeiture obligation against Defendant, in the forms submitted with this Motion.

DATED:  September 12, 2023.          Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division


 */s/ Robert I. Lester*
ROBERT I. LESTER
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

---

[2]   Even if a defendant is later returned to Court, the Court has the discretion to refuse to set aside the bail forfeiture.  *See* Fed. R. Crim. P. 46(f)(2) (pre-judgment); Rule 46(f)(4) (post-judgment).  *See, e.g.*, *Nguyen*, 279 F.3d at 1116-18 (district court did not act arbitrarily or capriciously in forfeiting full amount of bond, even though U.S. Marshals eventually arrested defendant who failed to self-surrender).